IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RICHARD LITTLE,**<br><br>**Defendant.** | **Case No: 25-CR-286** |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Richard Little, through undersigned counsel, respectfully submits his memorandum in aid of sentencing.

I.   **Introduction**

Mr. Little comes before the Court for sentencing after pleading guilty to one count of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C.§ 922(g)(1).  He accepts full responsibility for his conduct.  However, he is not defined by the poor choices that led to his appearance before this Court for sentencing or by his prior interactions with the criminal justice system.  This memorandum is not intended to excuse or minimize his actions, but, rather, to present to the Court a full picture of Mr. Little.  We respectfully submit that other factors also have substantial importance in determining a just and appropriate sentence.  We suggest that focus is warranted on the tragic tale of his upbringing, his inability to navigate his circumstances, and boundless potential for change and success.

The first and most critical thing to be said about Mr. Little relates to the issue of remorse. His entire life has been a struggle--life has not been fair to Mr. Little.  This is not an attempt to excuse or minimize his actions in this case or his prior convictions.  But we submit it is critical to

consider his life experiences and circumstances in deciding the appropriate sentence. By the age of 18, Mr. Little's mother had two children. His mother and father both struggled with addiction for as long as he can remember. His father also was abusive towards Mr. Little and his mother. As further detailed below, his paternal grandparents stepped up to try to take care of Mr. Little and his siblings and meet their basic needs. However, despite their valiant efforts, Mr. Little struggled and they lost control by the time he turned 11 years old.

Mr. Little fully understands and appreciates the wrongfulness of his conduct. He accepts responsibility and has vowed to himself and his loved ones that he will get the help he needs. He will never again put himself in this situation and will obtain the skills he needs to succeed. He will take back control of his life and get the help he needs. Based on these and other circumstances described below, we ask the Court to impose a variance and sentence Mr. Little to a term of incarceration below the applicable guideline range of 70-87 months. This sentence would be sufficient, but not greater than necessary, to effectuate the purposes of sentencing prescribed in 18 U.S.C. § 3553(a).

## Argument

### *Legal Standard*

The Court is required to consider the Federal Sentencing Guidelines in imposing a sentence, but *United States v. Booker,* 543 U.S. 220 (2005) provides that the Guidelines are "merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with the other § 3553(a) factors." *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006) (citing *Booker*, 543 U.S. at 245–246). The Guidelines are "but one of eight factors the sentencing judge must consider." *United States v. Ovid*, No. 09-CR-216 (JG), 2010 U.S. Dist. LEXIS 105390, at *5 (E.D.N.Y. Oct. 1, 2010).

The factors enumerated in 18 U.S.C. § 3553(a) direct the Court to consider the full history and character of the defendant. Focus on the § 3553 factors "produces sentences that are moored to fairness, and to the goals of sentencing set forth in § 3553(a)(2), but sometimes not so much to the advisory Guidelines range." *Id.* at *4-5. 18 U.S.C. § 3553 requires a "sentence sufficient, but not greater than necessary" when the following factors are considered:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (2022). In considering these factors, 18 U.S.C. § 3661 states that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (2022).

***History and Characteristics of Mr. Little***

Richard Little is 38 years old and has spent most of his life in the greater Washington D.C. area. In evaluating someone with a lengthy criminal record like Mr. Little, one common question is how did this happen? In the case of Mr. Little, he has never been able to overcome the trauma he experienced from an early age. His struggles from an early age took over his life—he lost control before he could remember. He has two siblings, an older brother, Michael Little, and a younger sister, Marisha Little. Their home life was exceptionally unstable. Mr. Little's parents routinely abused drugs and alcohol. There was little food in the house and Mr. Little's father was physically abusive towards his mother. When Mr. Little was born, his mother struggled to connect

with him. This coincided with the relationship between Mr. Little's mother and father deteriorating. The love and affection his mother showed to her first born was completely absent, replaced by distance and disdain. Mr. Little's paternal grandmother, Christina Mason, describes that his mother routinely neglected him emotionally. Exhibit A, Letter from Christina Mason. Ms. Mason describes that she had to physically make Mr. Little's mother hold him. She also describes the dire circumstances Mr. Little experienced as a child, calling her begging for food. She would sneak food to the children through a bedroom window. She also recalls giving Richard and his brother instructions on how to keep the smoke from their parents' drug use out of their room—by wetting towels and placing them under the door. Mr. Little's paternal aunt, Staci Mason, describes that Mr. Little's grandparents largely raised him and his siblings. Exhibit B, Letter from Staci Mason. She describes that Mr. Little's grandparents used to pick up Mr. Little and his brother at "6:00 am to wash and dress them for school (because they smelled like smoke and filth)." *Id.* Mr. Little's grandparents did the best they could to provide care and stability for Mr. Little and his siblings.

Unfortunately, in addition to the difficult and unstable home life, Mr. Little also experienced abuse at the hands of close family members as a very young child. The abuse Mr. Little suffered, from people he should have been able to trust, was devastating. His father, the person that is supposed to want the best for his children and serve as their moral pillar and role model, once remarked to his mother that he cannot wait until his sons got older so the three of them could get high together. The effects of this abuse have haunted Mr. Little from before he can remember. He continues to struggle with PTSD, anxiety and depression.

Mr. Little has spent a significant portion of his adult life incarcerated. He has held a few jobs and has never had a career. He has worked on and off at his grandparents' funeral home. His

grandparents have expressed that he could continue working there upon his release from incarceration. He has hopes of learning new skills to provide for his family upon release.

Despite the circumstances, Mr. Little uses his son as his motivation. His son inspires him to stay out of trouble and stay positive. When Mr. Little starts to lose hope and become overwhelmed by his situation and term of imprisonment ahead of him, he thinks of his son and what he can do to be a better father. He takes every opportunity to speak with him and has been a model inmate at the DC Jail to maximize the opportunities to interact with his son. He cherishes the memories of being able to see and hold his son.



Tragically, Mr. Little lost his mother shortly after being arrested in this matter. He is devastated by this loss and disappointed in himself that his poor choices resulted in his missing his mother's final moments. Mr. Little's brother, Michael Little, describes that this loss "greatly affected" Mr. Little. *See* Exhibit D, Letter from Michael Little. Mr. Little's grandmother recently suffered from a stroke. Mr. Little is heartbroken that he has been unable to care for his family during these difficult times. He knows that because of his actions, he has lost the opportunity to be there during these moments. He knows he will miss many more.

Despite the significant struggles Mr. Little has faced, he is still a "good-hearted individual." Exhibit C, Letter from Marisha Little. His sister, Marisha Little, describes Mr. Little as someone who is "always stepping in when help was needed." *Id.* His aunt describes him as "smart, funny, compassionate and loving" and a "very sensitive person at heart." *See* Exhibit B. His son and family support will ensure that Mr. Little does not lose hope and become institutionalized. He will not let his family down and will be the role model his children need and deserve.

***Nature and Circumstances of the Offense***

On September 3, 2025, Mr. Little was driving in Washington, D.C. Members of law enforcement, including the Metropolitan Police Department Special Missions Unit, Drug Enforcement Agency, Secret Service, Alcohol Tobacco and Firearms Agency, and the Federal Bureau of Investigations, were in a caravan patrolling an apartment complex. MPD officers were in full uniform and driving marked vehicles and their federal counterparts were in plain clothes and in unmarked vehicles. Law enforcement observed Mr. Little's vehicle driving in the apartment complex with one headlight out. After pulling into a parking spot in the apartment complex, Mr. Little exited the car and headed towards the residence of an acquaintance. He had a backpack and started running towards the building after seeing the large group of law enforcement. He entered

6

the building and ran into the apartment of an acquaintance. Inside the apartment law enforcement found the backpack Mr. Little was carrying as he exited the vehicle. The bag had a gun and drugs inside. Mr. Little did not brandish the weapon at any point during the interaction.

*Need for The Sentence Imposed*

Mr. Little is ashamed and embarrassed of his actions. We presented details about his upbringing and circumstances in order to help put his actions in context, not to excuse them. Mr. Little's life has been challenging in every sense, including stints of incarceration. When he has not been behind bars, he has been struggling with crippling addiction and untreated trauma. Simply put, Mr. Little has the will to change, but not the skills. Fortunately, and despite his horrific upbringing, Mr. Little has strong family support. Christina Mason, his paternal grandmother, loves Mr. Little unconditionally. *See* Exhibit A. In addition to providing support, she will hold Mr. Little accountable and make sure he does not repeat his mistakes. She is angry at him for putting himself in this position, but knows her grandson needs help and support. His family strongly believes that he can benefit significantly from rehabilitative programs, "particularly one that includes employment assistance or technical training—would allow him to build stability, develop skills, and make better decisions moving forward." *See* Exhibit C.

We respectfully submit that the community is better served by imposing a period of incarceration below the applicable guidelines. Mr. Little needs help and support, not punitive incarceration. His present circumstances are the result of his actions, but it is not the end of his journey. His brother, who suffered similar trauma, wants to help Mr. Little regain control and get the help they both need. He needs skills to learn how to support himself and make the right decision. Not a day goes by that he does not think about the opportunity he squandered by returning to his immature and foolish ways. If given another chance, Mr. Little will take advantage

7

of the opportunities to gain life skills and make the right decisions. He also asks the Court to allow him to obtain drug treatment through the RDAP program. He asks the Court to impose the period of incarceration in this matter concurrent to the sentence imposed in 2025 CF2 570, and take into consideration the likely additional period of incarceration that will be imposed in CR25000291-01 (Alexandria Circuit Court, VA). Once released from prison, Mr. Little asks the Court to allow him to participate in the Reentry Court Program and allow him to participate in the D.C. Resources to Empower and Develop You (READY).

***The Imposition of a Fine Is Unnecessary***

We respectfully request that the Court exercise its discretion to decline to impose a fine upon Mr. Little. Imposing a monetary fine against Mr. Little would not serve the interest of justice or the public interest. His conviction entails a number of consequences, all of which will negatively impact his life. Upon his release from prison, Mr. Little will work to reintegrate back into society and obtain stable employment. The imposition of a fine against Mr. Little would only serve to deter this objective.

## Conclusion

Mr. Little understands that the situation he finds himself in is the direct result of his actions. It is our submission that he is not and should not be defined by his actions that led to his appearance before the Court. He accepted responsibility early in the case, less than seven (7) weeks after being arrested. He will continue to try to make amends for his actions and will forever feel shame and guilt for returning to his old ways so quickly and never gaining control over his life. Not being able to say goodbye to his mother before her passing or attend her funeral hurt Mr. Little deeply, but he understands his decisions caused that situation. We respectfully submit that a variance to a

sentence below the applicable guidelines is appropriate and in accordance with the requirements set forth in 18 U.S.C. § 3553(a) and ask the Court to impose such a sentence.

Respectfully submitted,

*/s/ Marc Eisenstein*

---

Marc Eisenstein
Coburn & Eisenstein PLLC
1200 G Street, NW
8th Floor
Washington, DC 20005
Tel: 703-963-7164
marc@coburngreenbaum.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 9, 2026 a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record.

/s/
Marc Eisenstein